## WEBB v. SAMUEL ET AL.

### April 21, 1838.

*Plea in abatement.*

A plea in abatement by one of several defendants, alleging a misnomer as to himself, and praying generally judgment of the writ and declaration therein founded is bad, and judgment of *respondeas ouster* will be entered.

THIS was an action to March term, 1838, No. 262. In the writ one Webb was plaintiff, and the defendants were styled "F. Samuel*s* (whose first name is unknown to the plaintiff,) and David Samuel*s*, trading under the firm of F. and D. Samuel."

The declaration followed the writ as to the parties, and the defendants were ruled to plead.

April 4, 1838, David Samuel pleaded "not guilty," and Frederick Samuel pleaded in abatement a *misnomer*, as to himself.

April 14, 1838, the plaintiff obtained a rule on Frederick Samuel, one of the defendants, to show cause why the plea in abatement filed by him, should not be set aside, and judgment entered against him for want of a plea.

[Webb v. Samuel et al.]

The plaintiff's counsel, on the hearing of the rule, alleged that the plea in abatement was bad.

"1. Because it 'prays' *generally* 'judgment of the writ, and declaration thereon founded;' whereas it should only have prayed judgment of the writ and declaration as to Frederick Samuel.

"2. Because it prays judgment of the writ and declaration thereon founded, '*and that the same may be quashed;*' whereas it should merely have prayed judgment of the writ and declaration, &c.

"3. Because the caption and beginning of the plea admits that Frederick Samuel is the person sued : and the caption is erroneous in omitting the following words, viz.: 'trading under the firm of F. & D. Samuel.'

"4. Because there is no misnomer, it appearing on the face of the writ, (and not being contradicted by the plea in abatement) that the defendants traded as F. and D. Samuel.

"5. Because the plea in abatement was not filed in time, viz.: within four days after the delivery of the declaration. The *narr.* being delivered to defendant's attorney on the 27th of March, as appears by the *præcipe* endorsed thereon, and the plea in abatement was not filed until April 4th, as appears by prothonotary's endorsement."

*Hood*, for plaintiff.
*Ingraham*, for defendant.

PER CURIAM.—It is not necessary to consider more than the first reason assigned as to the defectiveness of the plea in abatement. The plea prays judgment *generally* of the writ and declaration thereon founded, whereas the objection presented by it, is merely in regard to one of the defendants. On the authority of Wade *v.* Shiff, 17 *E. C. L. R.* 162; judgment of *respondeas ouster* must be entered.

Judgment accordingly.